**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

SERGIO SANCHEZ,
CDCR #J-07661,

Plaintiff,

vs.

AMY MILLER, Warden; R. MADDEN, Chief Deputy Warden; M. GREENWOOD, Captain; N. TELLES, Correctional Lieutenant; O. MARTIN, Correctional Officer; DOES 1-5, Correctional Officers,

Defendants.

Civil No. 14cv2407 LAB (MDD)

**ORDER:**

**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)**

**(2) DENYING MOTION TO APPOINT COUNSEL (Doc. No. 3)**

**AND**

**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d)**

Sergio Sanchez ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff claims several CEN officials violated his First, Eighth, and Fourteenth Amendment rights by filing disciplinary charges against him because he refused medical treatment on September 27, 2013. *See* Compl. at 3-5, ¶¶ 9-26. Plaintiff seeks

declaratory relief, as well as compensatory and punitive damages, and he alleges to have exhausted "all available administrative remedies" before filing suit. *Id.* at 5-7, ¶¶ 27, 32-34.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2), along with a Motion to Appoint Counsel (Doc. No. 3).

**I.**

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, __ F.3d __, 2015 WL 74144 at *1 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

*See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement and has determined that Plaintiff has had no deposits to his account, and no available funds from which to pay any filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

## Motion for Appointment of Counsel

Plaintiff also requests appointment of counsel on grounds that he is indigent, incarcerated, has limited access to the law library and knowledge of the law, and because a "trial in the case will likely involve conflicting testimony and counsel would better enable [him] to present evidence and cross-examine witnesses." *See* Doc. No. 3 at 1.

Nonetheless, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust*

*Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. However, a finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court notes that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a person proceeding in pro se, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better–particularly in the realms of discovery and the securing of expert testimony.").

As currently pleaded, Plaintiff's Complaint demonstrates his ability to articulate the essential facts supporting his claim. Thus, at least at this initial pleading stage, the Court finds he appears to have an adequate grasp of the relevant facts as well as the relatively straightforward legal issues involved. *See Terrell*, 935 F.2d at 1017. In fact, as discussed below, the Court finds Plaintiff's allegations are sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Because Plaintiff has

not satisfied the stringent standards required for an appointment of counsel under 28 U.S.C. § 1915(e)(1), however, his Motion for Appointment of Counsel (Doc. No. 3) must be DENIED without prejudice at this time.

**III.**

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) & § 1915A(b)**

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

/ / /

1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds that Plaintiff's Complaint alleges constitutional claims sufficient to survive the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See, e.g., Cruzan v. Dir., Mo. Dept. of Health*, 497 U.S. 261, 281 (1990) ("It cannot be disputed that the Due Process Clause protects an interest in life as well as an interest in refusing life-sustaining medical treatment."); *Thor v. Superior Court*, 5 Cal. 4th 725, 732 (Cal. 1993) (holding that "under California law a competent, informed adult has a fundamental right of self-determination to refuse or demand the withdrawal of medical treatment of any form irrespective of the personal consequences," and that "in the absence of evidence demonstrating a threat to institutional security or public safety, prison officials, including medical personnel, have no affirmative duty to administer such treatment and may not deny a person incarcerated in state prison this freedom of choice."); *Watison v. Carter,* 668 F.3d 1108, 1114-15 (9th Cir. 2012) (setting out elements of retaliation claim and finding plaintiff who alleged prison officials had "filed a false disciplinary complaint against him," and "made false statements to the parole board" because he had exercised his constitutional right to petition for redress had "sufficiently pleaded First Amendment retaliation claims.").

Based on these legal precedents and on the facts as currently alleged in Plaintiff's Complaint, the Court will authorize U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

/ / /

/ / /

/ / /

## IV.

## Conclusion and Order

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is DENIED without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2) is GRANTED.

3. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is DIRECTED to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is DIRECTED to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

IT IS FURTHER ORDERED that:

5. The Clerk will issue a summons upon Defendants, and forward it to Plaintiff along with a blank U.S. Marshal (USM) Form 285 for each named Defendant.[2] In

---

[2] Plaintiff must, of course, identify the persons he currently lists only as Does 1-5 whom he currently identifies only as "correctional officers" at CEN, by their true names and substitute those individual persons by amending his Complaint to identify each of these parties before the United States Marshal will be able to execute service upon any of them. *See* Compl. at 4; *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED.R.CIV.P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against

addition, the Clerk will provide Plaintiff with a copy of this Order, and a copy of his Complaint and summons for purposes of serving each named Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal is ORDERED to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States.

6. Plaintiff must thereafter serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document he submits for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

DATED: January 16, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

the Doe Defendants at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identities, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).