# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO SANCHEZ,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>AMY MILLER, warden, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 14cv2407-LAB (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION;**<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; AND**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　Sergio Sanchez, a prisoner proceeding *pro se* and *in forma pauperis*, brings civil rights claims under 42 U.S.C. § 1983. He incarcerated at Centinela State Prison in Imperial, California.

　　Plaintiff claimed several prison officials violated his First, Eighth, and Fourteenth Amendment rights by filing disciplinary charges against him because he refused medical treatment on September 27, 2013. *(See* Compl. (Doc. No. 1) at 3-5, ¶¶ 9-26.) Defendants filed motions to dismiss and for partial summary judgment. These matters were referred to Magistrate Judge Mitchell Dembin for a report and recommendation.

　　On January 5, 2016, Judge Dembin issued his report and recommendation (the "R&R"), which recommended granting the motions to dismiss and for partial summary judgment, and dismissing all of Sanchez's claims with prejudice. The R&R ordered that

objections be filed by January 26, 2016, and cautioned the parties that failure to file objections when due could waive appellate rights.

Since then Sanchez has not filed any objections, not sought additional time in which to do so. The Court therefore **ADOPTS** all the R&R's factual findings as correct. The Court has also reviewed the R&R's recommended rulings, finds them to be correct, and **ADOPTS** the R&R as a whole.

Sanchez claims he was improperly found guilty of a disciplinary violation for refusing medical treatment. Defendants, however, argued he was in fact disciplined for exaggerating the seriousness of his medical condition in order to jump the queue ahead of other prisoners and avoid paying a $5 fee, an infraction he could properly be punished for. Documents Sanchez himself submitted show this was the charge against him, and that he was not charged with or disciplined for refusing medical treatment. Sanchez also claims his Eighth Amendment right to be free from cruel and unusual punishment was violated when, as a punishment for his infraction, he was for 30 days denied use of a personal television and CD player, phone calls with his family, and some day room and yard privileges. The R&R correctly concludes this does not amount to an Eighth Amendment violation.

Defendants also sought partial summary judgment, as to all claims other than the retaliation claim against Defendant Telles, for failure to exhaust administrative remedies. Defendants presented evidence establishing the failure to exhaust, which Sanchez did not attempt to rebut.

Sanchez's claims other than his retaliation claim against Defendant Telles are subject to dismissal with prejudice for failure to exhaust administrative remedies   Defendants' motion for partial summary judgment is therefore **GRANTED**. The motion to dismiss establishes that Sanchez has not stated a claim and cannot do so. All Sanchez's claims, as well as this action as a whole, are therefore **DISMISSED WITH PREJUDICE**. All pending requests and motions are **DENIED AS MOOT**.

Sanchez's failure to object to the R&R may not have waived legal issues on appeal. *See Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007) (noting that failure to object

1  to a magistrate judge's report and recommendation ordinarily does not waive legal claims
2  on appeal). But his failure to object to the R&R's factual findings, which the Court has
3  accepted as true and has adopted, has waived his right to appeal those determinations. *See*
4  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). Because the facts dictate the outcome,
5  it is clear he cannot successfully appeal any legal issues.
6        The Court therefore certifies that any appeal from this order of dismissal would not
7  be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).
8  **IT IS SO ORDERED**.
9  DATED: February 9, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge